**Paul PESQUEIRA, Plaintiff–Appellant,**

**v.**

**CITY OF LOS ANGELES; Los Angeles Police Department; William J. Bratton, in his individual and official capacity; James McDonnell, in his official and individual capacity; George Gascon, in his individual and official capacity; Sharon K. Papa, in her individual and official capacity, Defendants–Appellees.**

No. 06–56051.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed July 18, 2008.

Mark G. Weidmann, Law Offices of Mark G. Weidmann, Los Angeles, CA, for Plaintiff–Appellant.

Angel Manzano, Paul Winnemore, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: GIBSON,* Senior Circuit Judge, O'SCANNLAIN and GRABER, Circuit Judges.

### MEMORANDUM **

Paul Pesqueira appeals from the partial adjudication dismissing his 42 U.S.C. § 1983 claim. A state court denied his Petition for Writ of Mandate, in which Pesqueira claimed that he was summarily demoted under a constitutionally invalid provision of a municipal employment manual. The district court held that *res judicata* barred the § 1983 claim, which included a First Amendment claim not expressly raised in the state court action and declined to exercise supplemental jurisdiction over the state law claims.

Generally, under California law, a judgment resolving a claim for "declaratory and coercive relief, has a preclusive effect." *Mycogen Corp. v. Monsanto Co.,* 28 Cal.4th 888, 123 Cal.Rptr.2d 432, 51 P.3d 297, 306 (2002). "California's res judicata doctrine is based upon the primary right theory." *Id.* "In determining the primary right at stake, the significant factor is the harm suffered." *Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.,* 783 F.2d 848, 851 (9th Cir.1986) (internal quotation marks omitted). Generally, in the employment context, the "primary right" is "the contractual right to employment." *Id.* However, it is unclear from the state proceedings which was the "primary right" at stake here, because Pesqueira asserts a right that may be affected by *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), and that may or may not be independent of the procedural claim denied by the state court and now clearly barred by *res judicata.*

We remand to permit Pesqueira to identify his "primary right" claim under California law and to show cause why any First Amendment claim related to his demotion was not precluded by the state court judgment.

The district court's grant of summary judgment is

### VACATED & REMANDED.

---

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.